DOCUMENT STRICKEN BY ORDER #9 DATED 3/23/09

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PERCY COLLINS, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 3:09-CV-51-TS |
| VERIZON, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Percy Collins, a *pro se* Plaintiff, filed an Employment Discrimination Complaint [DE 1] against the Defendant, Verizon. He also filed an Application to Proceed Without Prepayment of Fees and Affidavit (*in forma pauperis*) [DE 2]. For the reasons set forth below, the Plaintiff's Application is DENIED. The Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and he is GRANTED additional time to amend his Complaint, accompanied either by the statutory filing fee or another Application to Proceed Without Prepayment of Fees and Affidavit. If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two

determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiff contends that his family, consisting of his wife and three children, depend upon him for one-half of their support. The Plaintiff reports cash on hand of $460. His petition shows that he receives weekly unemployment benefits of $350. The annualized value of this income stream is $16,800. The 2009 poverty guideline for a family of five living in Indiana is $25,790. *See* Annual Update of the HHS Poverty Guidelines, 74 Fed. Reg. No. 14, 4199–4201 (Jan. 23, 2009). Therefore, the Plaintiff has sufficiently established that he is unable to prepay the filing fee.

The inquiry does not end here, however. In assessing whether a petitioner may proceed *in forma pauperis*, the court must look to the sufficiency of a complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cf. Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (affirming dismissal of complaint

screened under 28 U.S.C. §1915A applying the Rule 12(b)(6) standard).

To state a claim under the federal notice pleading standards, all that a complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)) (other citation omitted). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Plaintiff asserts that his Complaint is brought pursuant to Title VII of the Civil Rights Act of 1964. Title VII is premised on eliminating discrimination:

> It shall be an unlawful employment practice for an employer—
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C.A. § 2000e-2. The statute prohibits employers from treating employees differently on the basis of race, color, religion, sex, or national origin, and also prohibits employers from requiring people to work in discriminatorily hostile or abusive environments. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). The first prong of a *prima facie* case of discrimination requires that the plaintiff show that he was a member of a protected class. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803 (1973). Likewise, a hostile work environment claim can only be maintained where the harassment is because of the plaintiff's membership in a group that is protected by statute. *See Yukinis v.First Student, Inc.*, 481 F.3d 552, 554 (7th Cir. 2007) ("The

point is elementary: the creation of a hostile working environment is actionable under Title VII only when the hostility is to a group (or specific members of a group), such as women, whom the statute protects.").

Even presuming all well-pleaded allegations to be true and viewing them in the light most favorable to the Plaintiff, and accepting as true all reasonable inferences to be drawn from the allegations, the Plaintiff's factual allegations are not enough to raise the Plaintiff's right to relief above the speculative level. According to the allegations set forth in the Plaintiff's Complaint, he was alienated and ridiculed by his coworkers, excessively scrutinized by his supervisors, denied seniority, and treated differently than another employee who was connected with the incidents for which he was terminated. However, the Plaintiff never indicates that the basis for these actions was prohibited animus. The most liberal reading of the Complaint fails to reveal any inference of different or discriminatory treatment based on race, color, religion, sex, or national origin. The Complaint does not even identify the protected category to which the Plaintiff belongs, if any.

Because the Plaintiff alleges that he suffered adverse employment action, but does not state that the motivation for this action was his gender, race, national origin, or other protected status, the Complaint does not identify how Title VII applies to the allegations made, and does not provide the Defendant with fair notice of what the claim is. Therefore, the Plaintiff's request to proceed without prepayment of fees will be denied, and the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The dismissal will be without prejudice because the deficiencies in the Complaint are of the type that can be easily cured if the Plaintiff alleges that he is a member of a protected class

and that the actions of which he complains were taken against him because of this status. *Cf. Tamayo,* 526 F.3d at 1084 (noting that the minimal pleading standard for "simple claims of race or sex discrimination" requires only that the plaintiff aver that the employer instituted a certain adverse employment action against the plaintiff on the basis of sex or race). Therefore, the Court will grant the Plaintiff until April 6, 2009, to file an amended complaint. If the Plaintiff elects to file an amended complaint, he must also file a new Application to Proceed Without Prepayment of Fees and Affidavit *or* pay the $350.00 filing fee. If the Plaintiff does not file an amended complaint by April 6, 2009, the Court will direct the Clerk to close this case.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Plaintiff's Application to Proceed Without Prepayment of FEES [DE 2], and DISMISSES the Complaint WITHOUT PREJUDICE.

SO ORDERED on March 3, 2009.

        s/ Theresa L. Springmann
        THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT
        FORT WAYNE DIVISION