UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| PERCY COLLINS, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO.: 3:09-CV-51-TS |
|  | ) |  |
| VERIZON, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

A Report and Recommendation [DE 29] filed by Magistrate Judge Christopher Nuechterlein on July 22, 2009, recommends that Plaintiff Percy Collins's Amended Complaint be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41 because he failed to comply with two Court orders. The Plaintiff objects to the Report and Recommendation and requests that the case continue on the merits. Defendant Verizon North, Inc., also filed objections to the Report and Recommendation to challenge the portion of the Report that recommends that the dismissal be without prejudice. The Defendant submits that the Plaintiff's conduct warrants dismissal with prejudice.

**BACKGROUND**

On February 6, 2009, the Plaintiff, proceeding *pro se*, initiated this lawsuit against his previous employer to assert claims that he was discriminated against on the basis of his race. On April 21, 2009, the Magistrate Judge directed the parties to file separate status reports by May 22 so that the Court could issue a Rule 16 scheduling order. On May 22, the Defendant filed its status report. On this same date, counsel entered an appearance for the Plaintiff and moved for an extension of time to file the court-ordered status report. Because the Plaintiff's motion was not

accompanied by a form of order in the format that is required by this district's local rules, the Magistrate Judge denied it without prejudice to refiling with the appropriate form of order. On June 15, having not received a renewed motion for extension or a status report from the Plaintiff, the Magistrate Judge ordered the Plaintiff to file a status report by July 10, and cautioned that failure to respond could result in dismissal of his case. By July 22 the Plaintiff had not yet filed a status report, prompting the Magistrate Judge to recommend that the Plaintiff's case be dismissed for failure to prosecute or to comply with the Court's orders.

On July 31, the Plaintiff filed his Verified Objections to the Court's Report and Recommendation. Plaintiff's counsel avers that he did not receive either the Court's order denying the extension or the Court's June 15 order, and that he would have complied with any Court orders that he received. Counsel supposes that a technical glitch in the Electronic Court Filing (ECF) system caused him not to receive the Court's orders. He states that when he did not hear from the Court regarding the Plaintiff's motion for an extension, he called counsel for the Defendants on June 15 for an attorney conference in anticipation of filing the status report, and that he was acting under the presumption that his request for an extension would be granted. After learning that the Court was recommending dismissal for failure to comply with its orders, counsel asked his client if he received the Court's filings by mail. The Plaintiff responded that he did not receive anything from the Court, and that if he did receive any documents he did not check them because counsel had already entered an appearance.

For its part, the Defendant argues that the two-month delay in filing the status report is grounds for dismissal with prejudice, and that the Plaintiff's excuses are without merit. As proof, the Defendant notes that the Plaintiff's counsel was able to receive defense counsel's email

2

communications using the same email address that the ECF system lists for service. The Defendant submits that the Plaintiff has offered no excuse for failing to file a status report by the date that he requested in his motion for extension of time or within the weeks that followed, and that even if he did not receive the Court's orders enough time elapsed that he should have checked the Court's docket.

## DISCUSSION

After a series of missteps that resulted in the Plaintiff's counsel failing to file a status report, the Magistrate Judge recommended that the cause be dismissed without prejudice on the assumption that the Plaintiff's silence meant that he had abandoned his case. Since the Magistrate Judge drafted the Report and Recommendation, counsel has explained the circumstances surrounding his non-compliance, including that he did not receive electronic notices of the Court's orders and that the Plaintiff had, until recently, been proceeding *pro se*. These circumstances do not suggest that the Plaintiff's counsel knowingly violated the Court's orders. Nor do they reflect a lack of prosecutive intent on the part of the Plaintiff. Despite this, the Defendant contends that the dismissal should be with prejudice. The Court's review of the Report and Recommendation is de novo. *See* Fed. R. Civ. P. 72(b)(3) (explaining that the district court must determine de novo any part of the magistrate judge's disposition that has been properly objected to). Upon review, the Court may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions. *Id.*

Dismissal of this suit would not serve the interests of justice, which are best served by

resolving cases on their merits. *See Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). Accordingly, the "ultimate sanction" of dismissal with prejudice is "reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Id.*; *see also Rice v. City of Chi.*, 333 F.3d 780, 784 (7th Cir. 2003) ("The drastic nature of a dismissal with prejudice requires the action to be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable.") (citing *GCIU Employer Retirement Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993)). The Defendant argues that counsel's excuse that he did not receive the Court's orders is without merit. However, merely showing that the correct email address was recorded in the ECF system does not establish that counsel received the electronic notices. Even if the Court were to conclude that the orders were sent and received as intended by the system, it is not inclined to believe that counsel has committed perjury by making a false statement about his receipt of the orders. Court filings that are properly sent through ECF may still escape the notice of counsel for a variety of innocent reasons. They may have been mistakenly overlooked or inadvertently deleted. The record does not support a conclusion that the Plaintiff's counsel intentionally ignored the Court's orders.

The Defendant also submits that the Plaintiff should have checked the docket. This argument suggests that counsel was negligent, not that his failure was wilful, deliberate, or in bad faith. *Long*, 213 F.3d at 987 (noting that wilfulness and bad faith are associated with intentional or reckless conduct). As Plaintiff's counsel notes, he contacted defense counsel on June 15 to discuss the status report, which suggests good faith. He also requested a copy of the Defendant's status report, which had not previously been provided to him, to facilitate agreement

4

between the parties regarding case management deadlines. It was in his client's best interest to comply with all Court orders. That he did not seek clarification from the Court after receiving no response to his motion for an extension was an error in judgment. However, because his conduct was not "objectively unreasonable," it does not meet the definition of "fault" required to support the sanction of dismissal. *Id.* (defining fault by the reasonableness of the conduct). Fault "is not a catch-all for any minor blunder that a litigant or his counsel might make." *Id.* The Plaintiff's counsel contends that either opposing counsel informed him that their status report had been affirmed (when he called her on June 15), or that he inferred that it was because the case was initially filed *pro se* and he had not received anything from the Court. In either event, counsel made a mere mistake about the status of the case, which led him to believe that filing a separate status report was not necessary, and his beliefs were not objectively unreasonable given the recent transition of the Plaintiff's *pro se* status. Moreover, there is no indication that the Defendant was prejudiced in the two months that passed between the original deadline and the filing of the Report and Recommendation for dismissal, or that the Court's schedule has been negatively impacted in the beginning stages of this case.

The Magistrate Judge, even without the benefit of any explanation from the Plaintiff regarding his failure to comply with the Court's orders, did not recommend that the dismissal be with prejudice, a sanction reserved for extreme situations not present in this case. This Court agrees that such a sanction is not warranted in this case and thus overrules the Defendant's Objections to the Report and Recommendation. Additionally, in view of the entire procedural history of this case and for the reasons stated above, the Court in its discretion modifies the Report and Recommendation. Because the Plaintiff has provided a reasonable explanation for the

delay, which does not evidence wilfulness, bad faith, or fault, the interests of justice would not be served by dismissal of the Amended Complaint and the Court instead issues the less severe sanction of an admonishment to the Plaintiff's counsel. Counsel is admonished to comply with all orders and deadlines of this Court and to regularly review the docket. More severe sanctions will issue if future violations and circumstances demonstrate that the admonishment does not adequately promote the interests of justice.

## CONCLUSION

For the reasons stated above, the Court OVERRULES the Defendant's Objections [DE 31] to the Report and Recommendation, SUSTAINS the Plaintiff's Objections [DE 30, 32], and MODIFIES the Report and Recommendation [DE 29] disposition of dismissal without prejudice to be an admonishment to Plaintiff's counsel to comply with all Court orders and deadlines and to review the docket on a regular basis. The Plaintiff is DIRECTED to file a written status report by September 25, 2009, which shall comply in form and substance with the Court's Order for Written Status Report [DE 20].

SO ORDERED on September 10, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION